## United States District Court
### DISTRICT OF CONNECTICUT

Chambers of
Mark R. Kravitz
United States District Judge

141 Church Street
New Haven, CT 06510
203-773-2022

September 6, 2004

Honorable Mary M. Lisi
Chair
Judicial Conference Of the United States
Committee on Financial Disclosure
One Columbus Circle, N.E.
Washington, D.C. 20544

      Re: Calendar Year 2003 Filing

Dear Judge Lisi:

I write in response to your letter of July 27, 2004 regarding my 2003 Financial Disclosure Form. First, let me apologize for this tardy response. I was under the mistaken impression that my response to your letter was due within 60 days, but to my chagrin, I recently discovered that my response was due within 30 days. I regret this oversight and do hope that my tardiness has not caused your Committee any inconvenience.

As an initial matter, I thank you for pointing out that I am not required to report any mortgage or liability secured by real property. Please be advised that the "Connecticut Water Company" loan listed on my Disclosure Form was an unsecured loan.

As to the remainder of your comments, I provide the following responses in lieu of an amended report:

1.    Part VII, p. 1, line 16: Guilford Savings Bank. The information requested is as follows: Column D(1): "Opened Account"; Column D(2): "March 1"; Column D(3): J.

2.    Part VII, p. 3, lines 46, 47, 51, and p. 4, line 66, listed investments that were not listed on my 2002 report:

    Line 46 lists a Janus Olympus account for Trust # 1, which was not listed on the 2002 report. However, the 2002 report listed a Berger Growth Mutual Fund under Trust # 1 (line 49) and Berger's funds were taken over through merger by the Janus funds on April 17, 2003. There was no gain, no loss, no sale or purchase. Berger's funds simply went out of existence and unless one chose to withdraw one's investment, one's investment was simply placed into a Janus fund one's choosing. That Trust chose Janus Olympus. I

Honorable Mary M. Lisi
September 6, 2004
Page Two

have amended Columns D(1)-(3) to indicate that the investment was acquired by "merger" on April 17 with a value code of K.

Line 47 of the 2003 report lists "Fidelity Money Market," which was simply another way to state "Fidelity Cash Management Account," which was the name shown on the 2002 report (line 51). They are the same asset. To avoid confusion, I have changed my 2003 report to return to the nomenclature of the 2002 report – that is, "Fidelity Cash Management Account."

Line 51. This is the same issue as Line 47 above, and I have changed my 2003 report back to "Fidelity Cash Management Account" to avoid further confusion. (See 2002 report, line 55).

Line 66 of the 2003 report lists Neurogen Common Stock as having been sold in Trust # 3. You indicate that this asset was not listed in my 2002 report, but I believe it was. Neurogen Common Stock was listed on Line 63 for Trust # 3 on my 2002 report. Therefore, I do not think that any further information is required. Please note that the stock was sold on August 1, 2003, as indicated in Column D(1) on my 2003 report.

3.   Part VII, page 1, lines 4,5 and 9 and p. 3, line 43, omitted income amount codes and type codes. I apologize for that oversight. The income amount codes and types codes for those investments should be as follows:

Line 4: Neurogen Corp. Common Stock, Column B(1): Blank; Column B(2): None.
Line 5: Janus Mercury Mutual Fund, Column B(1): A; Column B(2): Distribution.
Line 9: Conn. Bond due 12/15/03, Column B(1): A; Column B(2): Interest.
Line 43: Janus Mercury Fund, Column B(1): A; Column B(2): Distribution.

4.   Part VII, p. 3, lines 39, 41, 43, 46, 47, 51, and p. 4, line 55 of my 2002 report, which you indicate listed assets not listed on my 2003 report.

Line 39 listed "Janus Enterprise Mutual Fund" for Custodian Account #1 on my 2002 report. All of the investments in that custodian account were moved into Trust # 4, a trust that was newly created in 2003 for that purpose. The Janus Enterprise Mutual Fund investment from line 39 in the 2002 report appears on line 64 of my 2003 report. That investment was sold on October 20, 2003. I assume that no other information is required as a result of this change in the form of ownership of these assets, but if I am in error, please let me know.

Line 41 listed Fidelity Cash Management Account for Custodian Account # 1 on my 2002

Honorable Mary M. Lisi
September 6, 2004
Page Three

report. The investments in that custodian account were moved into Trust # 4, a newly created trust, in 2003. The Fidelity Cash Management Account investment from line 41 in the 2002 report appears on line 63 of my 2003 report, listed as "Fidelity Money Market Fund," a change in nomenclature only. I will change my 2003 report back to the 2002 nomenclature of "Fidelity Cash Management Account."

Line 43 listed Custodian Account # 2 on my 2002 report. During 2003, Custodian Account # 1 was terminated and those assets moved into Trust # 4. See above. As a consequence, Custodian Account #2 on my 2002 report became Custodian Account #1 and it is shown on Lines 38-43 of my 2003 report.

Line 46 listed "Fidelity Cash Management Account" for Custodian Account # 2 on my 2002 report. During 2003, Custodian Account # 1 was terminated and those assets moved into Trust # 4. See above. As a consequence, Custodian Account #2 on my 2002 report became Custodian Account #1 on my 2003 report and the Fidelity Cash Management Account is shown on Line 39 of my 2003 report as "Fidelity Cash Reserves." The "Fidelity Cash Reserves" and "Fidelity Cash Management Account" are one and the same, and I have changed the 2003 report to use the 2002 report nomenclature of "Fidelity Cash Management Account."

Line 47 listed "PQ Corp. Common Stock" held in Custodian Account # 2 on my 2002 report. During 2003, Custodian Account # 1 was terminated and those assets moved into Trust # 4. See above. As a consequence, Custodian Account #2 on my 2002 report became Custodian Account #1 on my 2003 report and the PQ Corp. Common Stock is shown on Line 42 of my 2003 report.

Line 49 of my 2002 report listed "Berger Growth Mutual Fund" for Trust # 1. As noted earlier, the Berger funds were taken over through merger by the Janus funds on April 17, 2003. There was no gain, no loss, no sale or purchase. Berger's funds simply went out of existence and unless one chose to withdraw one's investment, one's investment was simply placed into a Janus fund one's choosing. Trust # 1 chose Janus Olympus, which is shown on line 46 of my 2003 report.

Line 51 of my 2002 report lists "Fidelity Cash Management Account" for Trust # 1. That same investment is shown as "Fidelity Money Market" on line 47 of my 2003 report. To avoid confusion, I have changed the 2003 report to return to the nomenclature of the 2002 report – that is, "Fidelity Cash Management Account."

Line 55 of my 2002 report lists "Fidelity Cash Management Account" for Trust # 2. That same investment is shown as "Fidelity Money Market" on line 51 of my 2003 report. To

Honorable Mary M. Lisi
September 6, 2004
Page Four

avoid confusion, I have changed the 2003 report to return to the nomenclature of the 2002 report – that is, "Fidelity Cash Management Account."

I trust that the foregoing responses adequately addressed your comments. If you require further information, however, please do not hesitate to contact me. Once again, I apologize for my delay in responding to your letter.



Mark R. Kravitz

AO-10
Rev. 1/2004

# FINANCIAL DISCLOSURE REPORT

## Calendar Year 2003

Report Required by the Ethics in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (Last name, First name, Middle initial) Kravitz, Mark R | 2. Court or Organization District Court - Connecticut | 3. Date of Report 5/3/2004 |
|---|---|---|
| 4. Title (Article III Judges indicate active or senior status; magistrate judges indicate full- or part-time) U.S. District Judge - Active | 5. ReportType (check appropriate type) ○ Nomination, Date ○ Initial ◉ Annual ○ Final | 6. Reporting Period 1/1/2003 to 12/31/2003 |
| 7. Chambers or Office Address 141 Church Street New Haven, CT 06510 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. Reviewing Officer_____ Date_____ | |

**IMPORTANT NOTES:** The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.

## I. POSITIONS. (Reporting individual only; see pp. 9-13 of filing instructions)

☐ **NONE** - (No reportable positions.)

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Partner | Wiggin & Dana (resigned partnership effective June 30, 2003) |
| 2. | Trustee | Trust # 1 (trust for ████████) |
| 3. | Trustee | Trust # 2 (trust for ████████) |
| 4. | Trustee (unpaid) | Trust (non-family; no control over investments; resigned upon confirmation in June 2003) |
| 5. | Trustee (unpaid) | Trust (non-family; no control over investments; resigned upon confirmation in June 2003) |
| 6. | Director (unpaid) | American Academy of Appellate Lawyers (resigned effective August 2003) |
| 7. | Managing Partner | Sachem's Head Investments, LLC (inactive ████ investment partnership; no assets; dissolved 2003) |
| 8. | Custodian | ████ # 1 (terminated in 2003) |
| 9. | Custodian | ████ # 2 |

## II. AGREEMENTS. (Reporting individual only; see pp. 14-16 of filing instructions)

☐ **NONE** - (No reportable agreements.)

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | 2003 | Wiggin & Dana. Payment for partnership interest and partnership real estate. Amount, $313,465, payable in installments of varying amounts through 2006. |

FINANCIAL DISCLOSURE OFFICE    2004 MAY 14 A 9: 41    RECEIVED

# FINANCIAL DISCLOSURE REPORT

| Name of Person Reporting | Date of Report |
|---|---|
| Kravitz, Mark R. | 5/3/2004 |

## III. NON-INVESTMENT INCOME. (Reporting individual and spouse; see pp. 17-24 of filing instructions)

### A. Filer's Non-Investment Incom

☐ NONE - (No reportable non-investment income.)

| | DATE | SOURCE AND TYPE | GROSS INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | 2003 | Wiggin & Dana, partnership income prior to withdrawal from the firm effective June 30, 2003 | $215,384 |
| 2. | 2003 | Wiggin & Dana, post-June 2003 payments for partnership interest and interest in partnership real estate, see Agreements | $14,800 |

### B. Spouse's Non-Investment Income If you were married during any portion of the reporting year, please complete this section. (dollar amount not required except for honoraria)

☑ NONE - (No reportable non-investment income.)

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | NONE |

## IV. REIMBURSEMENTS – transportation, lodging, food, entertainment.

(Includes those to spouse and dependent children. See pp. 25-27 of instructions.)

☐ NONE - (No such reportable reimbursements.)

| | SOURCE | DESCRIPTION |
|---|---|---|
| 1. | Aspen Institute | Wye River, MD, Nov. 14-16, 2003, Judges' Seminar on International Human Rights Law (transportation, meals, lodging) |

## V. GIFTS. (Includes those to spouse and dependent children. See pp. 28-31 of instructions.)

☑ **NONE** - (No such reportable gifts.)

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. NONE | | |

## VI. LIABILITIES. (Includes those of spouse and dependent children. See pp. 32-34 of instructions.)

☐ **NONE** - (No reportable liabilities.)

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. Connecticut Water Company | Unsecured loan for water project on personal residence, fully paid as of May 2003 | J |

| Name of Person Reporting | Date of Report |
|---|---|
| Kravitz, Mark R | 5/3/2004 |

## VII. INVESTMENTS and TRUSTS – income, value, transactions (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | B. (2) Type (e.g. div. rent. or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | C. (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g. buy, sell, merger, redemption) | D. If not exempt from disclosure (2) Date: Month - Day | D. (3) Value Code 2 (J-P) | D. (4) Gain Code 1 (A-H) | D. (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| ☐ NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| 1. BELL SOUTH COMMON STOCK | A | Dividend | J | T | NONE | | | | |
| 2. CISCO SYS COMMON STOCK | A | Dividend | J | T | NONE | | | | |
| 3. NASDAQ-100 TRUST (QQQ) | A | Dividend | J | T | NONE | | | | |
| 4. NEUROGEN CORP COMMON STOCK | | | | | SOLD | 8/1 | J | A | |
| 5. JANUS MERCURY MUTUAL FUND | | | | | SOLD | 10/20 | J | A | |
| 6. THIRD AVENUE VALUE FUND | A | Dividend | K | T | NONE | | | | |
| 7. FIDELITY CASH RESERVES | D | Dividend | O | T | NONE | | | | |
| 8. FIDELITY CASH MANAGEMENT ACCOUNT | D | Dividend | L | T | NONE | | | | |
| 9. CONN. BOND DUE 12/15/03 | | | | | REDEMPTION | 12/15 | K | A | |
| 10. CONN. BOND DUE 3/15/04 | B | Interest | K | T | NONE | | | | |
| 11. NAUGATUCK BOND DUE 8/15/04 | A | Dividend | J | T | NONE | | | | |
| 12. WATERBURY CT SPEC. CAPITAL BOND DUE 4/01/05 | A | Interest | K | T | NONE | | | | |
| 13. CONN. BOND DUE 4/15/05 | A | Interest | K | T | NONE | | | | |
| 14. CONN TAX OBLIG BOND DUE 10/01/05 | A | Interest | L | T | NONE | | | | |
| 15. CONN. BOND DUE 06/15/10 | A | Interest | K | T | NONE | | | | |
| 16. GUILFORD SAVINGS BANK | A | Interest | J | T | NONE | | | | |
| 17. PQ CORPORATION | G | Dividend | P2 | V | NONE | | | | |
| 18. IRA # 1(ROLL-OVER IRA, CREATED 7/1/03) | | | | | | | | | |

1. Income/Gain Codes:    A = $1,000 or less    B = $1,001-$2,500    C = $2,501-$5,000    D = $5,001-$15,000    E = $15,001-$50,000
   (See Columns B1 and D4)    F = $50,001-$100,000    G = $100,001-$1,000,000    H1 = $1,000,001-$5,000,000    H2 = More than $5,000,000
2. Value Codes:    J = $15,000 or less    K = $15,001-$50,000    L = $50,001-$100,000    M = $100,001-$250,000
   (See Columns C1 and D3)    N = $250,000-$500,000    O = $500,001-$1,000,000    P1 = $1,000,001-$5,000,000    P2 = $5,000,001-$25,000,000
   P3 = $25,000,001-$50,000,000    P4 = $More than $50,000,000
3. Value Method Codes:    Q = Appraisal    R = Cost (Real Estate Only)    S = Assessment    T = Cash/Market

| Name of Person Reporting | Date of Report |
|---|---|
| Kravitz, Mark R | 5/3/2004 |

## VII. INVESTMENTS and TRUSTS – income, value, transcations (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g. div. rent. or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g. buy, sell, merger, redemption) | (2) Date: Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 19. --FIDELITY CASH RESERVES | B | Interest | N | T | BOUGHT | 7/1 | N | | |
| 20. --FIDELITY DIVERSIFIED INTL FUND | A | Dividend | L | T | BOUGHT | 7/1 | L | | |
| 21. --SPARTAN 500 INDEX | A | Dividend | L | T | BOUGHT | 7/1 | L | | |
| 22. --FIDELITY CONTRAFUND | A | Dividend | K | T | BOUGHT | 7/1 | K | | |
| 23. --FIDELITY PURITAN FUND | A | Dividend | K | T | BOUGHT | 7/1 | K | | |
| 24. --FIDELITY VALUE FUND | A | Dividend | K | T | BOUGHT | 7/1 | K | | |
| 25. KEOGH PLAN (TERMINATED, 7/1/03, ASSETS ROLLED INTO IRA) | | | | | | | | | |
| 26. --FIDELITY PURITAN | | | | | ROLLED OVER | 7/1 | K | | |
| 27. --FIDELITY VALUE MUTUAL FUND | | | | | ROLLED OVER | 7/1 | K | | |
| 28. --FIDELITY CONTRAFUND | | | | | ROLLED OVER | 7/1 | K | | |
| 29. --FIDELITY RETIREMENT MONEY MARKET FUND | | | | | ROLLED OVER | 7/1 | K | | |
| 30. HR 10 ACCOUNT (TERMINATED,7/1/03; ASSETS ROLLED INTO IRA) | | | | | | | | | |
| 31. --PAINE WEBBER OVERSEAS EQUITY RETIREMENT FUND | | | | | SOLD | 7/1 | K | | |
| 32. --PAINE WEBBER STRATEGIC GROWTH RETIREMENT FUND | | | | | SOLD | 7/1 | K | | |
| 33. --PAINE WEBBER CAPITAL GROWTH RETIREMENT FUND | | | | | SOLD | 7/1 | L | | |
| 34. --MASS MUTUAL LIFE INSURANCE POLICY (CASH VALUE) | | | | | CASHED IN | 6/01 | L | | |
| 35. IRA # 2 | | | | | | | | | |
| 36. --BERGER GROWTH MUTUAL FUND (FUND CLOSED, MOVED INTO JANUS) | | | | | FUND CLOSED | 6/01 | J | | |

1. Income/Gain Codes:    A = $1,000 or less    B = $1,001-$2,500    C = $2,501-$5,000    D = $5,001-$15,000    E = $15,001-$50,000
  (See Columns B1 and D4)    F = $50,001-$100,000    G = $100,001-$1,000,000    H1 = $1,000,001-$5,000,000    H2 = More than $5,000,000
2. Value Codes:    J = $15,000 or less    K = $15,001-$50,000    L = $50,001-$100,000    M = $100,001-$250,000
  (See Columns C1 and D3)    N = $250,000-$500,000    O = $500,001-$1,000,000    P1 = $1,000,001-$5,000,000    P2 = $5,000,001-$25,000,000
   P3 = $25,000,001-$50,000,000    P4 = $More than $50,000,000
3. Value Method Codes    Q = Appraisal    R = Cost (Real Estate Only)    S = Assessment    T = Cash/Market

| Name of Person Reporting | Date of Report |
|---|---|
| Kravitz, Mark R | 5/3/2004 |

## VII. INVESTMENTS and TRUSTS – income, value, transactions (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g. div, rent. or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | (2) Date: Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 37. --JANUS OLYMPUS FUND | A | Distribution | J | T | BOUGHT | 6/01 | J | | |
| 38. CUSTODIAN ACCT # 1 | | | | | | | | | |
| 39. --FIDELITY CASH RESERVES | A | Dividend | J | T | | | | | |
| 40. --SPARTAN 500 INDEX FUND | A | Dividend | J | T | | | | | |
| 41. --THIRD AVENUE VALUE FUND | A | Distribution | K | T | BOUGHT | 12/23 | J | | |
| 42. -- PQ CORP. STOCK | C | Dividend | M | V | | | | | |
| 43. --JANUS MERCURY FUND | | | | | SOLD | 10/21 | J | A | |
| 44. TRUST # 1 | | | | | | | | | |
| 45. --JANUS TWENTY | A | Distribution | J | T | | | | | |
| 46. --JANUS OLYMPUS | A | Distribution | K | T | | | | | |
| 47. --FIDELITY MONEY MARKET | A | Interest | K | T | | | | | |
| 48. --TRUST HELD PQ CORP. COMMON STOCK | D | Dividend | N | V | | | | | |
| 49. TRUST # 2 | | | | | | | | | |
| 50. --JANUS TWENTY | A | Distribution | K | T | | | | | |
| 51. --FIDELITY MONEY MARKET | A | Dividend | J | T | | | | | |
| 52. --TRUST HELD PQ CORP. COMMON STOCK | C | Dividend | M | V | | | | | |
| 53. TRUST # 3 | | | | | | | | | |
| 54. --TRUST HELD PQ CORP. COMMON STOCK | E | Dividend | O | V | | | | | |

| 1. Income/Gain Codes: | A = $1,000 or less | B = $1,001-$2,500 | C = $2,501-$5,000 | D = $5,001-$15,000 | E = $15,001-$50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F = $50,001-$100,000 | G = $100,001-$1,000,000 | H1 = $1,000,001-$5,000,000 | H2 = More than $5,000,000 | |
| 2. Value Codes: | J = $15,000 or less | K = $15,001-$50,000 | L = $50,001-$100,000 | M = $100,001-$250,000 | |
| (See Columns C1 and D3) | N = $250,000-$500,000 | O = $500,001-$1,000,000 | P1 = $1,000,001-$5,000,000 | P2 = $5,000,001-$25,000,000 | |
| | P3 = $25,000,001-$50,000,000 | | P4 = More than $50,000,000 | | |
| 3. Value Method Codes | Q = Appraisal | R = Cost (Real Estate Only) | S = Assessment | T = Cash/Market | |

| Name of Person Reporting | Date of Report |
|---|---|
| Kravitz, Mark R | 5/3/2004 |

## VII. INVESTMENTS and TRUSTS – income, value, transactions (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| | A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | (1) Amount Code 1 (A-H) | (2) Type (e.g. div. rent. or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | (2) Date: Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 55. | –AMERICAN INTL GROUP COMMON STOCK | A | Dividend | J | T | | | | | |
| 56. | –CHARTER ONE FINANCIAL COMMON STOCK | A | Dividend | J | T | | | | | |
| 57. | –GENERAL ELECTRIC COMMON STOCK | A | Dividend | K | T | | | | | |
| 58. | –MBNA COMMON STOCK | A | Dividend | J | T | | | | | |
| 59. | –NEXTEL COMMON STOCK | A | Dividend | J | T | | | | | |
| 60. | –ORACLE COMMON STOCK | A | Dividend | J | T | | | | | |
| 61. | –JANUS WORLDWIDE MUTUAL FUND | A | Distribution | J | T | | | | | |
| 62. | –FIDELITY CASH RESERVES | A | Interest | L | T | | | | | |
| 63. | –FIDELITY MONEY MARKET FUND | A | Interest | J | T | | | | | |
| 64. | –JANUS ENTERPRISE FUND | | | | | SOLD | 10/20 | J | | |
| 65. | –JANUS MERCURY FUND | | | | | SOLD | 10/20 | J | | |
| 66. | –NEUROGEN COMMON STOCK | | | | | SOLD | 8/01 | J | A | |
| 67. | TRUST #4 | | | | | | | | | |
| 68. | –TRUST HELD PQ CORP. COMMON STOCK | E | Dividend | O | V | | | | | |
| 69. | –JANUS TWENTY FUND | A | Distribution | J | T | | | | | |
| 70. | –FIDELITY MONEY MARKET | A | Interest | J | T | | | | | |
| 71. | TRUST # 5 | | | | | | | | | |
| 72. | –TRUST HELD PQ COMMON STOCK | C | Dividend | O | V | | | | | |

| 1. Income/Gain Codes: | A = $1,000 or less | B = $1,001-$2,500 | C = $2,501-$5,000 | D = $5,001-$15,000 | E = $15,001-$50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F = $50,001-$100,000 | G = $100,001-$1,000,000 | H1 = $1,000,001-$5,000,000 | H2 = More than $5,000,000 | |
| 2. Value Codes: | J = $15,000 or less | K = $15,001-$50,000 | L = $50,001-$100,000 | M = $100,001-$250,000 | |
| (See Columns C1 and D3) | N = $250,000-$500,000 | O = $500,001-$1,000,000 | P1 = $1,000,001-$5,000,000 | P2 = $5,000,001-$25,000,000 | |
| | P3 = $25,000,001-$50,000,000 | | P4 = $More than $50,000,000 | | |
| 3. Value Method Codes | Q = Appraisal | R = Cost (Real Estate Only) | S = Assessment | T = Cash/Market | |

| Name of Person Reporting | Date of Report |
|---|---|
| Kravitz, Mark R | 5/3/2004 |

## VII. INVESTMENTS and TRUSTS – income, value, transactions (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| | A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g. div. rent. or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g. buy, sell, merger, redemption) | If not exempt from disclosure (2) Date: Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|---|
| 73. | –GENERAL ELECTRIC COMMON STOCK | | | | | SOLD | 9/22 | J | | |
| 74. | –JANUS ENTERPRISE MUTUAL FUND | | | | | SOLD | 10/20 | J | | |
| 75. | –JANUS MERCURY | | | | | SOLD | 10/20 | J | | |
| 76. | –NEUROGEN COMMON STOCK | | | | | SOLD | 8/01 | J | A | |
| 77. | –AMERICAN INTL GROUP COMMON STOCK | A | Dividend | J | T | | | | | |
| 78. | –BELL SOUTH COMMON STOCK | A | Dividend | J | T | | | | | |
| 79. | –CHARTER ONE FINANCIAL COMMON STOCK | A | Dividend | J | T | | | | | |
| 80. | –MBNA COMMON STOCK | A | Dividend | J | T | | | | | |
| 81. | –NEXTEL COMMON STOCK | A | Dividend | J | T | | | | | |
| 82. | –ORACLE COMMON STOCK | A | Dividend | J | T | | | | | |
| 83. | –SPARTAN 500 INDEX | A | Distribution | J | T | | | | | |
| 84. | –FIDELITY CASH RESERVES | A | Interest | L | T | | | | | |
| 85. | –JANUS WORLDWIDE MUTUAL FUND | A | Distribution | J | T | | | | | |
| 86. | –THIRD AVENUE VALUE MUTUAL FUND | A | Distribution | K | T | BOUGHT | 9/23 | J | | |
| 87. | –FIDELITY MONEY MARKET | A | Interest | K | T | | | | | |

| 1. Income/Gain Codes: | A = $1,000 or less | B = $1,001-$2,500 | C = $2,501-$5,000 | D = $5,001-$15,000 | E = $15,001-$50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F = $50,001-$100,000 | G = $100,001-$1,000,000 | H1 = $1,000,001-$5,000,000 | H2 = More than $5,000,000 | |
| 2. Value Codes: | J = $15,000 or less | K = $15,001-$50,000 | L = $50,001-$100,000 | M = $100,001-$250,000 | |
| (See Columns C1 and D3) | N = $250,000-$500,000 | O = $500,001-$1,000,000 | P1 = $1,000,001-$5,000,000 | P2 = $5,000,001-$25,000,000 | |
| | P3 = $25,000,001-$50,000,000 | | P4 = More than $50,000,000 | | |
| 3. Value Method Codes: | Q = Appraisal | R = Cost (Real Estate Only) | S = Assessment | T = Cash/Market | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
| --- | --- | --- |
| | Kravitz, Mark R | 5/3/2004 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS   (Indicate part of Report.)

VALUATION OF PQ CORPORATION COMMON STOCK: THE VALUE OF PQ CORPORATION COMMON STOCK, A PRIVATELY HELD COMPANY, IS ESTABLISHED ANNUALLY OR MORE FREQUENTLY BY THE BOARD OF DIRECTORS OF THE COMPANY IN CONSULTATION WITH ITS ADVISERS. THE VALUE ESTABLISHED BY THE DIRECTORS IS THE VALUE THAT IS USED FOR PURPOSES OF THE COMPANY'S REPURCHASE OF THE COMMON STOCK OF SHAREHOLDERS.

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| | Kravitz, Mark R | 5/3/2004 |

# IX.  CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature_____        Date_____May 4, 2004_____

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C.  20544